UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WALTER F. GREER,<br><br>                Plaintiff,<br><br>     v.<br><br>GESA CREDIT UNION et al.,<br><br>                Defendants. | CASE NO. 2:26-cv-00959-JNW<br><br>ORDER GRANTING DEFENDANTS'<br>MOTIONS TO DISMISS |

This matter comes before the Court on Defendants Gesa Credit Union's ("Gesa") and Bellevue Nissan's ("Nissan") motions to dismiss, Dkt. Nos. 6, 7, pro se Plaintiff Walter F. Greer's complaint, which Gesa removed from King County Superior Court, Dkt. No. 1. The motions are unopposed. The Court has considered the motions, reviewed the complaint, and GRANTS the motions for the reasons stated below.

## 1. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 1

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard is less than probability, "but it asks for more than a sheer possibility" that a defendant did something wrong. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In other words, a plaintiff must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

When considering a motion to dismiss, courts must accept the complaint's factual allegations as true and construes them in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021). But courts "do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (internal quotation marks omitted).

A pro se complaint must be construed liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). But liberal construction does not require the Court to supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

## 2.   DISCUSSION

Greer alleges in his two-page complaint that he is the holder of a legal instrument and a negotiable instrument and that he seeks a court order to redeem

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 2

the negotiable instrument. Dkt. No. 1-5. Greer claims that "Defendant," without specifying which one, denied his "registered security," "dishonored both securities," and "did not return the securities." *Id*. He alleges that "*Defendant* knowingly made untrue statements of material fact and/or omitted material facts necessary to make the statements made misleading." *Id*. (emphasis added). Greer's complaint lists state and federal securities laws, including the Washington Securities Act, RCW 21.20.010, .020, the Securities Exchange Act of 1934, and the Trust Indenture Act of 1939. *Id*.

The Court begins with subject-matter jurisdiction. On its face, the complaint invokes federal law. That express reliance on federal statutes is enough to support federal-question jurisdiction under 28 U.S.C. § 1331, but whether those statutes state a claim on the facts alleged is a question for Rule 12(b)(6), not a question of jurisdiction. *See Sec. Inv. Prot. Corp. v. Vigman,* 764 F.2d 1309, 1314 (9th Cir. 1985) (federal question jurisdiction may be based on violation of federal securities laws).

The complaint fails to give Defendants fair notice of the claims against them. It does not identify the legal or negotiable instrument Greer relies on, explain his relationship to Defendants, or describe the nature of the dispute. He asserts that "Defendant" dishonored his registered securities, but the complaint never explains what "dishonored" means and what securities are at issue. Even construing the complaint liberally, as the Court must, the complaint lacks any cognizable legal theory. Beyond its list of federal and state securities laws, the complaint alleges only that "Defendant is in breach of fiduciary responsibility and has denied course of remedy." Dkt. No. 1-5. But Greer pleads none of the elements of a breach-of-

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 3

fiduciary-duty claim. *Micro Enhancement Int'l, Inc. v. Coopers & Lybrand, LLP,* 40 P.3d 1206, 1217 (Wash. Ct. App. 2002) (holding that plaintiff must prove (1) existence of a duty owed, (2) breach of that duty, (3) resulting injury, and (4) that the claimed breach proximately caused the injury).

Accordingly, Defendants' motions to dismiss are GRANTED. Greer is proceeding pro se, this is his first complaint, and pro se litigants are ordinarily entitled to at least one opportunity to cure pleading deficiencies before dismissal with prejudice. *See Akhtar v. Mesa,* 698 F.3d 1202, 1212 (9th Cir. 2012). To cure the deficiencies identified above, any amended complaint must identify the specific instrument or instruments at issue, describe Greer's relationship to each defendant, and state what each defendant did that Greer contends was unlawful.

### 3.  CONCLUSION

In sum, the Court ORDERS as follows:

1.  The Court GRANTS Defendants' motions to dismiss, Dkt. Nos. 6, 7.

2.  Plaintiff MUST file an amended complaint within FOURTEEN (14) days of this order.

3.  Failure to file a proper amended complaint within FOURTEEN (14) days of this order will result in dismissal of this action without prejudice.

4.  The Clerk of Court is directed to note this matter on the Court's calendar for review 14 days from the date of this order.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 4

Dated this 9th day of June, 2026.

Jamal N. Whitehead
United States District Judge